# In The United States Court of Federal Claims

No. 11-681C

(Filed: January 2, 2013)
_____

ANNETTE E. JONES, et al.,

        Plaintiffs,

v.

THE UNITED STATES,

        Defendant.

_____

**ORDER**
_____

The court's review of the parties' briefing relating to defendant's motion to dismiss raises a number of questions. Accordingly, on or before January 30, 2013, the parties shall each file a memorandum (not to exceed 20 pages) addressing the following:

1. From a statutory construction standpoint, does 5 U.S.C. § 5596(b)(4) set forth a statute of limitations or does it merely define the pay that is recoverable?

2. Does the legislative history related to 5 U.S.C. § 5596(b)(4) reveal its purpose? In particular, the legislative history suggests that § 5596(b)(4) originated in the U.S. House of Representatives (*see* H.R. Rep. No. 105-532 (1998)); the parties should address the legislative history related to that provision.

3. What is the relationship between the Back Pay Act and this court's jurisdiction in cases involving overtime pay? *Cf. United States v. Fausto*, 484 U.S. 439 (1988).

4. What is the impact, if any, of agency memoranda (*e.g.*, from the Department of Defense) that informed employees that claims would be allowed for work performed on or after May 26, 2003?

5. What is the appropriate level of deference to be given to Office of Personnel Management regulations involving 5 U.S.C. § 5596(b)(4).

6. Within the meaning of 5 U.S.C. § 5596(b)(4), does the overtime pay in question relate to "pay, allowances, or differentials granted under this section," and was the failure to provide such pay "an unjustified or unwarranted personnel action?"

**IT IS SO ORDERED.**

s/ Francis M. Allegra<br>
Francis M. Allegra<br>
Judge