# In the United States Court of Federal Claims

No. 11-681C

(Filed: October 2, 2013)
_____

| | |
|---|---|
| ANNETTE E. JONES; NORMAN SAMPSON;WAYNE RANDOLF SCOTT, ROLAND SIMMONS; HAZELLA THORNHILL, SIDNEY WALLACE, ANTHONY WILLIAMS, MICHAEL YAHKO, for themselves and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>THE UNITED STATES,<br><br>    Defendant. | * * * * * * * * * * * * * * *  Overtime pay case; Motion to dismiss under RCFC 12(b)(1); *Fathauer*; Statute of limitations – 28 U.S.C. § 2501; Back Pay Act does not alter six-year statute of limitations; Equitable estoppel – *OPM v. Richmond*; Claims beyond statutory period dismissed. |

_____

**OPINION**
_____

*Ira M. Lechner*, Katz & Ranzman, P.C., Washington, D.C., for plaintiffs.

*Daniel Gene Kim*, Civil Division, United States Department of Justice, Washington, D.C., with whom was Acting Assistant Attorney General *Stuart F. Delery*, for defendant.

**ALLEGRA, Judge:**

Pending before the court is defendant's motion to dismiss portions of plaintiffs' complaint under RCFC 12(b)(1). Argument on this motion is deemed unnecessary.

On October 14, 2011, plaintiffs filed this class-action complaint, for themselves and others similarly situated, alleging that they are entitled to Sunday premium pay, pursuant to 5 U.S.C. §§ 5544(a) and 5546(a), for work performed on Sundays. The complaint seeks damages dating back to May 26, 2003.

In *Fathauer v. United States*, 566 F.3d 1352 (Fed. Cir. 2009), the Federal Circuit held that, for purposes of section 5546(a), "employees" includes part-time employees.[1] Following this decision, on December 8, 2009, the Office of Personnel Management (OPM) issued a compensation policy memorandum (CPM), indicating that "agencies are required to pay part-time employees Sunday premium pay when such employees otherwise meet the requirements of 5 U.S.C. 5546(a)." In that document, OPM advised agencies how to process claims for such pay. It indicated that, based on *Fathauer*, "agencies are required to pay part-time prevailing rate systems employees Sunday premium pay when such employees meet the requirements for entitlement to such payments pursuant to 5 U.S.C. 5544(a) and 5 CFR 532.509." The CPM advised agencies to give potential claimants notice of the *Fathauer* decision and their right to backpay. Finally as to such claims, OPM instructed –

> Under the Barring Act of 1940, a pay claim against the Government must be received by the agency that conducts the activity from which the claim arises within 6 years after the claim accrues. (*See* 31 U.S.C. 3702(b).) As a result, employing agencies should go back 6 years from the date the claim was filed and pay claims for any unpaid Sunday premium pay owed part-time employees for Sundays worked during that period.

Various agencies issued guidance based upon this CPM. The Department of Veterans Affairs (VA), for example, established a process for enabling eligible part-time VA employees to seek Sunday premium pay for work performed between May 2003 and May 2009; a separate process was established for employees who performed such work after May 2009. In March of 2010, the Department of Commerce issued a memorandum stating that "[i]n addition to paying part-time employees for regularly scheduled work performed on a Sunday from May 26, 2009 to present, employees may file a claim for backpay within 6 years after the claim accrues for the period prior to May 26, 2009, when they performed regularly scheduled Sunday work" without receiving the premium pay.

On October 14, 2011, plaintiffs filed this suit, seeking premium back-pay for Sunday work performed since May 26, 2003. They also filed a motion for class certification, which this court stayed on November 3, 2011. Plaintiffs filed an amended complaint on December 27, 2011, and on February 2, 2012, defendant filed an answer. On May 14, 2012, defendant moved to partially dismiss plaintiffs' claims. Briefing on that motion (which included a round of supplemental briefing) is now completed.

Defendant argues that, under the statute of limitations found at 28 U.S.C. § 2501, this court cannot entertain plaintiffs' claims for back-pay to the extent they accrued more than six

---

[1] The Sunday premium pay statute entitles employees who perform work during a regularly scheduled eight-hour period of non-overtime service "a part of which is performed on Sunday. . . to pay for the entire period of service at the rate of his basic pay, plus premium pay at a rate equal to 25 percent of his rate of basic pay." 5 U.S.C. § 5546(a).

years prior to the suit.  Because plaintiffs filed this lawsuit on October 14, 2011, defendant contends, this court lacks jurisdiction to entertain claims for back-pay for work performed before October 14, 2005.  For their part, plaintiffs argue that none of their claims are time-barred because, in their view, the Back Pay Act, 5 USC § 5596(b)(4) trumps the statute of limitations in section 2501 and authorizes the recovery of back-pay for a period commencing six years back from the date of an administrative determination.

Deciding a motion to dismiss "starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed."  *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The plaintiff must establish that the court has subject matter jurisdiction over its claims.  *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Klamath Tribe Claims Comm. v. United States*, 97 Fed. Cl. 203, 208 (2011).  The court may look beyond the pleadings and "inquire into jurisdictional facts" to determine whether jurisdiction exists.  *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

Section 2501 of Title 28 provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."  The Supreme Court has interpreted this statute as setting "jurisdictional" limits on this court that render claims not subject to equitable tolling.  *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008); *see also Haddon Hous. Assocs., Ltd. Ptshp. v. United States*, 711 F.3d 1330, 1340 (Fed. Cir. 2013).  Accordingly, this court cannot entertain claims that have accrued prior to the limitations period, "even if jurisdiction were otherwise proper."  *Wilder v. United States*, 277 F. App'x 999, 1000 (Fed. Cir. 2008) (affirming dismissal of claim under Back Pay Act as time-barred under § 2501).[2]  A claim "accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, *i.e.*, when 'all events have occurred to fix the Government's alleged liability.'"  *Martinez*, 333 F.3d at 1303 (quoting *Nager Elec. Co. v. United States*, 368 F.2d 847, 851 (Ct. Cl. 1966)); *see also Hart v. United States*, 910 F.2d 815, 817 (Fed. Cir. 1990).  Under this standard, claims for back pay are "considered to be 'continuing' in nature, accruing anew each time a payment is due."  *Acker v. United States*, 23 Cl. Ct. 803, 804 (1991) (citing *Burich v. United States*, 177 Ct. Cl. 139 (1966)).

Under section 2501, plaintiffs' claims for Sunday premium pay accrued each time payment was due, regardless of whether plaintiffs knew that they were entitled to seek these

---

[2]  A court can suspend the accrual of a claim only in limited circumstances:  A plaintiff "must either show that defendant has concealed its acts with the result that plaintiff was unaware of their existence or it must show that its injury was inherently unknowable at the accrual date."  *Martinez v. United States*, 333 F.3d 1295, 1319 (Fed. Cir. 2003) (en banc) (internal quotations and citation omitted).  In any event, "accrual suspension" is "strictly and narrowly applied."  *Id.*  Because plaintiffs have not sufficiently established these elements, this court declines to apply the accrual suspension doctrine.

premiums.  *See Oceanic Steamship Co. v. United States*, 165 Ct. Cl. 217, 255 (1964); *Bishop v. United States*, 77 Fed. Cl. 470, 481 (2007); *Worthington v. United States*, 50 Fed. Cl. 712, 716 (2001).  This conclusion derives from application of the "continuing claim doctrine," under which each violation of a pre-existing duty to pay overtime gives rise to a new claim with its own associated damages.  *See Brown Park Estates-Fairfield Dev. Co. v. United States*, 127 F.3d 1449 Fed. Cir. 1997); *see also Worthington v. United States*, 53 Fed. Appx. 77, 81-82 (Fed. Cir. 2002).  Accordingly, under section 2501, this court cannot entertain claims for premium pay that accrued before October 14, 2005.

Plaintiffs, however, claim that the Back Pay Act provides otherwise.  They point to 5 U.S.C. § 5596(b)(4), which states –

> The pay, allowances, or differentials granted under this section for the period for which an unjustified or unwarranted personnel action was in effect shall not exceed that authorized by the applicable law, rule, regulations, or collective bargaining agreement under which the unjustified or unwarranted personnel action is found, except that in no case may pay, allowances, or differentials be granted under this section for a period beginning more than 6 years before the date of the filing of a timely appeal or, absent such filing, the date of the administrative determination.

Plaintiffs assert that the *Fathauer* decision (or at the latest, the CPM) was an "administrative determination" triggering this provision, thereby allowing claimants to pursue backpay for a period beginning six years before the date of that decision, *i.e.*, May 26, 2003.  But, ultimately, it appears that this provision is unavailing.

It is unclear whether plaintiffs' claims are actually based, even in part, upon the Back Pay Act, or instead stem solely from the interaction of the overtime pay statute, 5 U.S.C. 5546(a), and the Tucker Act, 28 U.S.C. § 1491(a)(1).  At least some cases suggest that section 5546(a) is a so-called "money-mandating" statute that, in combination with the Tucker Act, 28 U.S.C. § 1491(a)(1), affords this court the authority to award overtime pay, independent of any Back Pay Act claim.  Consistent with this view, neither of the opinions in *Fathauer*, *see Fathauer v. United States*, 82 Fed. Cl. 509 (2008), *rev'd*, 566 F. 3d 1352 (Fed. Cir. 2009), nor even the complaint in that action, makes the slightest mention of the Back Pay Act.  Other cases, however, suggest a split as to what role, if any, that statute plays in a case such as this.[3]  Assuming *arguendo* that the Back Pay Act applies here, another question is whether either the *Fathauer* decision or the CPM

---

[3] *Abramson v. United States*, 42 Fed. Cl. 326, 333 (1998) (plaintiffs entitled to recover overtime pay under "either the Back Pay Act or 5 U.S.C. § 5544"); *Shelleman v. United States*, 9 Cl. Ct. 452, 456 (1986) ("The Back Pay Act is derivative in its reliance on other regulations and statutes to fix efficacious jurisdiction in this court."); *see also Corrigan v. United States*, 223 F. App'x 968, 972 (Fed. Cir. 2007) (examining overtime claims made under section 5546(a), as well as the Fair Labor Standards Act, with no mention of the Back Pay Act); *see generally*, *United States v. Testan*, 424 U.S. 392, 407 (1976).

constituted the sort of "administrative determination" that would trigger the six-year recovery period in section 5596(b)(4). While OPM's regulations indicate that either the Federal Circuit or OPM can determine that an agency has committed an "unjustified or unwarranted personnel action," *see* 5 C.F.R. § 550.803, less clear is whether a court decision or OPM memorandum constitutes an "administrative determination" under the same statute. *See Gray v. Office of Personnel Management*, 771 F.2d 1504, (D.C. Cir. 1985), *cert. denied*, 475 U.S. 1089 (1986); *Roepsch v. Bentsen*, 846 F. Supp. 1363, 1370 (E.D. Wis. 1994); *see also McCay v. Brown*, 106 F.3d 1577, 1579 (Fed. Cir. 1997) (defining the phrase "administrative determination of entitlement" as used in 38 U.S.C. § 5110(g)).

The court will not wade into this thicket because even if the claims here are somehow predicated upon the Back Pay Act, and even if section 5596(b)(4) is triggered, the latter provision plainly does not serve to alter or extend the statute of limitations established by section 2501. By its terms, section 5596 only limits the application of other laws, indicating that "in no case may pay . . . be granted . . . for a period beginning more than 6 years before . . . the date of the administrative determination." *See Hernandez v. Dep't of Air Force*, 498 F.3d 1328, 1331-32 (Fed. Cir. 2008); *see also Bishop v. United States*, 77 Fed. Cl. 470, 481-82 (2007). That this language cabins – and does not expand – the period of recovery defined by the applicable statute of limitations is confirmed by the statute's legislative history. *See* H.R. Rep. No. 105-532, at 342 (1998) (noting that under the statute, an award of backpay shall not exceed six years "unless a shorter limitation period applies").[4] Accordingly, plaintiffs' interpretation of this statute is simply wrong. As such, whether *vel non* section 5546(a) applies here, it is plain that the six-year maximum recovery period defined therein avails plaintiffs naught.

Based on the foregoing, the court holds that the six-year limitations period in section 2501 fully applies here. Accordingly, to the extent plaintiffs claim premium pay accruing for Sundays before October 14, 2005, those claims are hereby **DISMISSED**.

**IT IS SO ORDERED.**

s/Francis M. Allegra<br>Francis M. Allegra<br>Judge

---

[4] This view accords with OPM's view of the statute. *See* 5 C.F.R. § 550.804(e)(1). Plaintiffs make much of the agency memoranda suggesting that recoveries could be had as far back as 2003. However, plaintiffs fail to identify any legal basis upon which these memoranda become determinative (or even relevant). It is, of course, axiomatic that, in a case seeking monetary relief, statements made by agency officials cannot give rise to equitable estoppel. *See OPM v. Richmond*, 496 U.S. 414, 419 (1990) ("erroneous oral and written advice given by a Government employee to a benefits claimant may [not] give rise to estoppel against the Government, and so entitle[] the claimant to a monetary payment not otherwise permitted by law."); *see also Schweiker v. Hansen*, 450 U.S. 785, 789-90 (1981).