# In the United States Court of Federal Claims

No. 11-681C
Filed: December 5, 2019

|  |  |
|---|---|
| ANNETTE E. JONES, *et al*, ) ) Plaintiffs, ) ) v. ) ) THE UNITED STATES, ) ) Defendant. ) ) | Class Action; 5 U.S.C. § 5546(a); 5 U.S.C. § 5544(a); Sunday Premium Pay; Settlement; Fairness Hearing; RCFC 23(e). |

*Ira M. Lechner*, Counsel of Record, Washington, DC; *Roger J. Marzulla*, Of Counsel, Marzulla Law, LLC, Washington, DC, for plaintiffs.

*Zachary J. Sullivan*, Trial Attorney, *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

**I.    INTRODUCTION**

Before the Court in this class action matter is the parties' proffered settlement agreement pursuant to Rule 23 of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiffs are current or former employees of the United States Department of Veterans Affairs ("VA"), who   allege that they have been regularly scheduled to work, and did perform work, on Sundays and that they are entitled to receive "Sunday premium pay" pursuant to 5 U.S.C. § 5546(a) or 5 U.S.C. § 5544(a).

On September 11, 2019, plaintiffs filed an unopposed motion for preliminary approval of a settlement agreement of back pay, interest, attorney's fees and costs, costs and expenses of administration, and employer related taxes, under the Back Pay Act, pursuant to RCFC 23(e). *See generally* Mot. for Prelim. Approval.  On October 7, 2019, the Court held a telephonic status conference to discuss plaintiffs' motion.

On October 8, 2019, the Court: (1) granted plaintiffs' unopposed motion for preliminary approval; (2) preliminarily approved the proposed class action settlement for the purpose of allowing the approved notice of the proposed settlement to be provided to the class members; and (3) approved the posting of the notice of the proposed settlement via the Internet on the website maintained for this class action. *See generally* Order, Oct. 8, 2019; *see also* Approved Notice. The Court also scheduled a fairness hearing to be held on December 3, 2019. Order, Oct. 8, 2019.

On December 3, 2019, the Court held a telephonic fairness hearing. *See generally* Fairness Hr'g Tr. For the reasons discussed below, the Court **APPROVES** the settlement agreement negotiated by the parties.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background And Relevant Procedural History

In this class action, plaintiffs allege that they have been regularly scheduled to work, and did perform work, on Sundays and that they are entitled to receive "Sunday premium pay," pursuant to 5 U.S.C. § 5546(a) or 5 U.S.C. § 5544(a). 1st Am. Compl. at ¶¶ 24-26. As relief, plaintiffs seek to recover back pay, interest and other fees and costs. 1st Am. Compl. at 10.

Plaintiffs commenced this action on October 14, 2011, and on that same date, plaintiffs filed a motion for class certification. *See generally* Compl.; Mot. to Certify Class, Oct. 14, 2011. On November 3, 2011, the Court stayed further briefing on plaintiffs' motion for class certification. *See generally* Order, Nov. 3, 2011.[2] On November 20, 2013, plaintiffs filed a

---

[1] The facts recounted in this Memorandum Opinion and Order are taken from plaintiffs' unopposed motion for preliminary approval of a settlement agreement of back pay, interest, attorney's fees and costs, costs and expenses of administration, and employer related taxes, under the Back Pay Act ("Mot. for Prelim. Approval."); the Settlement Agreement attached thereto ("Settlement Agreement"); and the Fairness Hearing Transcript ("Fairness Hr'g Tr."). Except where otherwise noted, the facts recited herein are undisputed.

[2] On December 27, 2011, plaintiffs filed an amended complaint and on February 10, 2012, the government filed an answer. *See generally* Am. Compl; Answer. On May 14, 2012, the government filed a partial motion to dismiss the amended complaint pursuant to RCFC 12(b)(1). *See generally* Def. Mot. to Dismiss. On October 2, 2013, the Court granted the government's partial motion to dismiss and held that the six-year statute of limitations period applied to plaintiffs' claims and that plaintiffs' claims for back pay must have accrued on or after October 14, 2005. *Jones v. United States*, 113 Fed. Cl. 39, 43 (2013); *see also* 28 U.S.C. § 2501.

renewed motion for class certification. *See generally* Renewed Mot. to Certify Class, Nov. 20, 2013.

On October 20, 2014, the Court granted-in-part and denied-in-part plaintiffs' renewed motion and held that the class members in this case shall be comprised of:

> All part-time employees of the Department of Veterans Affairs who were or are employed on or after October 14, 2005, who have not been paid Sunday premium pay at a rate equal to twenty-five percent of his or her hourly rate of basic pay pursuant to 5 U.S.C. § 5544(a) or 5 U.S.C. § 5546(a) for periods of performed work on or after October 14, 2005, during a regularly scheduled period of service of up to 8 hours, which was not overtime work as defined by 5 U.S.C. § 5542(a), a part of which was performed on Sunday. For any such period of service, not more than 8 hours of work can be Sunday work, unless the employee was on a compressed work schedule, in which case the entire regularly scheduled daily tour of duty constituted Sunday work. Excluded from this class are all employees who were not entitled pursuant to title 5 of the U.S. Code to be paid Sunday premium pay for work performed on Sunday; part-time employees who have been paid all of the Sunday premium pay, pursuant to 5 U.S.C. § 5544(a) or 5 U.S.C. § 5546(a), owed to him or her by their employing agency as backpay plus interest for the entire period of time on or after October 14, 2005, during which such employees were eligible for such backpay and interest; and employees who were correctly classified as intermittent employees for the period on or after October 14, 2005, during which such employees claim Sunday premium pay pursuant to 5 U.S.C. § 5544(a) or 5 U.S.C. § 5546(a).

*Jones v. United States*, 118 Fed. Cl. 728, 734-35 (2014). On October 12, 2015, plaintiffs filed a motion to amend the class certification. *See* Mot. to Amend Class, Oct. 12, 2015 at 1. On April 1, 2016, the Court denied plaintiffs' motion. *Jones v. United States*, 126 Fed. Cl. 165, 173 (2016).

On September 11, 2019, plaintiffs filed an unopposed motion for preliminary approval of a settlement agreement of back pay, interest, attorney's fees and costs, costs and expenses of administration, and employer related taxes, under the Back Pay Act. *See generally* Mot. for Prelim. Approval. After the Court preliminarily approved the proposed class action settlement, class counsel filed a status report on behalf of the class members stating that no written objections to the proposed settlement had been submitted by any of the class members and requesting that the Court hold the fairness hearing telephonically. *See generally* Order, Oct. 8, 2019; Status Report, Oct. 28, 2019.

On November 15, 2019, class counsel filed a status report stating that no class members wished to participate in the fairness hearing. *See generally* Status Report, Nov. 15, 2019. Thereafter, the Court conducted a telephonic fairness hearing on December 3, 2019. *See generally* Fairness Hr'g Tr.

## III. LEGAL STANDARDS

### A. RCFC 23

The approval of settlement agreements in certified class actions is governed by RCFC 23(e). RCFC 23(e) provides that, "[t]he claims . . . of a certified class may be settled . . . only with the [C]ourt's approval" and this rule also prescribes the requirements that must be satisfied for approval of a class settlement.

Specifically, RCFC 23(e) provides that:

(1) The [C]ourt must direct notice in a reasonable manner to all class members who would be bound by the proposal.

(2) If the proposal would bind class members, the [C]ourt may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

(3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

(4) [Not used.]

(5) Any class member may object to the proposal if it requires [C]ourt approval under this subdivision (e); the objection may be withdrawn only with the [C]ourt's approval.

RCFC 23(e)(1)-(5).[3] In making the determination regarding whether a proposed settlement is "fair, reasonable, and adequate" under RCFC 23(e), the Court looks to the "'paramount' twin elements of procedural and substantive fairness." *Courval, et al., v. United States*, 140 Fed. Cl. 133, 139 (2018) (citing *Christensen v. United States*, 65 Fed. Cl. 625, 629 (2005)).

The Court has held that procedural fairness relates to "whether the settlement resulted from 'arms-length negotiations and whether plaintiffs' counsel have possessed the experience

---

[3] RCFC 23 is substantially similar to Rule 23 of the Federal Rules of Civil Procedure and decisions applying Fed. R. Civ. P. 23 are persuasive in this Court. *See Haggart v. United States*, 89 Fed. Cl. 523, 529 (2009) (citing *King v. United States*, 84 Fed. Cl. 120, 122 n.2 (2008)).

4

and ability, and have engaged in the discovery, necessary to effective representation of the class's interests.'" *Id.* (citing *Christensen*, 65 Fed. Cl. at 629). RCFC 23(e) also makes clear that substantive fairness relates to whether the settlement terms are "fair, reasonable, and adequate." RCFC 23(e)(2).

RCFC 23 does not provide a definitive list of the factors to be applied in determining whether a settlement negotiated by the parties is substantively fair. *See* RCFC 23. But, this Court has considered the following factors:

(1) The relative strength of plaintiffs' case in comparison to the proposed settlement, which necessarily takes into account:

    a. [t]he complexity, expense and likely duration of the litigation;

    b. the risks of establishing liability;

    c. the risks of establishing damages;

    d. the risks of maintaining the class action through trial;

    e. the reasonableness of the settlement fund in light of the best possible recovery;

    f. the reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation;

    g. the stage of proceedings and the amount of discovery completed; [and]

    h. the risks of maintaining the class action through trial;

(2) The recommendation of the counsel for the class regarding the proposed settlement, taking into account the adequacy of class counsels' representation of the class;

(3) The reaction of the class members to the proposed settlement, taking into account the adequacy of notice to the class members of the settlement terms;

(4) The fairness of the settlement to the entire class; [and]

(5) The fairness of the provision for attorney fees.

*Daughin Island Prop. Owners Ass'n v. United States*, 90 Fed. Cl. 95, 102-103 (2009). A further consideration in reviewing the fairness of a proposed settlement is "the interest in encouraging settlements, particularly in class actions, which are often complex, drawn out proceedings demanding a large share of finite judicial resources." *Courval*, 140 Fed. Cl. at 140 (citing *Christensen*, 65 Fed. Cl. at 629 (2005)). And so, the Court "has 'considerable discretion' with respect to the weight it assigns to each factor based on the factual context of the case, and

'settlement is always favored.'" *Athey v. United States*, 132 Fed. Cl. 683, 688 (2017) (citing *Raulerson v. United States*, 108 Fed. Cl. 675, 677 (2013)).

Lastly, the award of attorney's fees and costs in connection with a class action settlement is governed by RCFC 23(h). RCFC 23(h) provides that "[i]n a certified class action, the [C]ourt may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." RCFC 23(h).

### IV. LEGAL ANALYSIS

In light of the aforementioned legal standards, the factual record and the representations of counsel during the fairness hearing held on December 3, 2019, the Court concludes that the proposed settlement is fair, reasonable and adequate. And so, the Court **APPROVES** the parties' settlement agreement for the reasons discussed below.

#### A. Fair Notice Was Provided To The Class Members

As an initial matter, the Court finds that fair notice of the terms of the settlement agreement has been provided to all of the class members. RCFC 23(e)(1)(B) provides that the Court must "direct notice in a reasonable manner to all class members who would be bound by the proposal." RCFC 23(e)(1)(B). In accordance with RCFC 23(e)(1)(B), the Court directed that notice regarding the terms of the proposed settlement be posted on the Internet website maintained for this class action matter on October 8, 2019. Order, Oct. 8, 2019. The notice that was provided to the class members informed the class members of their right to object to the proposed settlement under RCFC 23(e)(5) and that a fairness hearing to determine whether the proposed settlement should be approved by the Court would be held on December 3, 2019. *See generally* Approved Notice.

The proposed settlement agreement was also posted on the website maintained for this action. *See generally* sundaypaycase.com. During the fairness hearing, class counsel represented that, while he was unsure of the number of class members that viewed the notice posted on the Internet website for this class action matter, class counsel has used the website maintained for this matter as the primary source of communication with the class members for several years. Fairness Hr'g Tr. at 10:19-10:20, 12:24-13:2. Class counsel also represented to

the Court that he had no reason to believe that the class members did not view the notice. *Id.* at 11:13-11:20.

During the fairness hearing, class counsel also represented to the Court that no class members expressed an interest in participating in the fairness hearing, and no class members appeared during the fairness hearing via telephone. *Id.* at 8:13-8:16; *see also* Status Report, Nov. 15, 2019. Class counsel also represented to the Court that no written objections to the terms of the proposed settlement had been filed as of October 28, 2019. *See* Fairness Hr'g Tr. at 8:8-8:9; *see also* Status Report, Oct. 28, 2019. And so, based upon the factual record and the representations of counsel during the fairness hearing, the Court concludes that fair notice has been provided to the class members regarding the terms of the proposed settlement.

### B. The Settlement Agreement Is Procedurally Fair

The Court similarly finds that the settlement agreement reached in this case is procedurally fair. Procedural fairness requires that the settlement "resulted from 'arms-length negotiations and . . . [that] plaintiffs' counsel . . . possessed the experience and ability, and have engaged in the discovery, necessary to effective representation of the class's interest.'" *Courval, et al. v. United States*, 140 Fed. Cl. 133, 139 (2018) (citing *Christensen v. United States*, 65 Fed. Cl. 625, 629 (2005)).

During the fairness hearing, counsel for both parties represented that they fully participated in the drafting of the settlement agreement and that they worked together to develop the template to determine the amount of back pay that each individual class member would receive. Fairness Hr'g Tr. at 14:17-15:1. Counsel for the parties also represented during the fairness hearing that the template used to calculate back pay has been developed to take into account the number of hours each class member worked; which Sundays he or she worked; and whether those Sundays fell within the October 14, 2005 to July 9, 2015 time period. *Id.* at 14:12-14:25, 16:18-16:22; *see also* Settlement Agreement at ¶ 7. Counsel for the parties also represent that they began settlement discussions on or about December 2018, after the template was completed and agreed upon. Fairness Hr'g Tr. at 14:2-15:5.

During the settlement process, the parties also filed numerous joint status reports advising the Court of the parties' progress toward settlement. *See* ECF Nos. 73-77, 79, 81, 86, 88, 90, 92, 94, 97, 99, 101. Given this, the Court is satisfied that the parties' settlement negotiations have

7

been conducted in good faith, without collusion, and with an interest in ultimately resolving the case by settlement.

The factual record before the Court also shows that class counsel acted as a zealous advocate for the class members throughout the course of this 8-year litigation. In this regard, during the fairness hearing, class counsel represented to the Court that each class member will receive 100% of the amount of back pay sought for Sundays worked, plus interest and employer contributions. Fairness Hr'g Tr. at 8:23-9:1, 11:16-11:18; *see also* Approved Notice. The proposed settlement agreement also contains a detailed breakdown of how much back pay and interest each class member will receive and the amount of VA Medicare and VA Old Age, Survivors and Disability Insurance that each member of the class will receive under the proposed settlement. *See generally* Settlement Agreement at Attach. A.

The website established for this class action matter also shows that class counsel, through the class administrator, maintained regular communication with class members and frequently provided updates regarding the status of these proceedings and the terms of the proposed settlement during this multi-year litigation. *See generally* sundaypaycase.com.

Class counsel has also continued to prosecute the case despite the lengthy settlement process. Specifically, the parties have filed numerous joint status reports advising the Court of the parties' work on the case. *See* ECF Nos. 73-77, 79, 81, 86, 88, 90, 92, 94, 97, 99, 101. Given this, the Court is satisfied that the negotiations that produced the settlement agreement "resulted from 'arms-length negotiations and . . . [that] plaintiffs' counsel . . . possessed the experience and ability, and have engaged in the discovery, necessary to effective representation of the class's interest.'" *Courval*, 140 Fed. Cl. at 139 (internal citations omitted).

### C.     The Settlement Agreement Is Substantively Fair

The Court also concludes that the terms of the settlement agreement are substantively fair. Substantive fairness requires that the Court consider the balance of the likely costs and rewards of further litigation. *Courval*, 140 Fed. Cl. at 140. The class members in this case allege that they are owed Sunday premium pay pursuant to 5 U.S.C. §§ 5544(a) or 5546(a). 1st Am. Compl. at ¶¶ 24-26.

During the fairness hearing, counsel for the parties represented that each class member will receive 100% of the back pay that he or she would be entitled to under these statutes, plus interest and an employer contribution.  Fairness Hr'g Tr. at 8:23-9:1, 11:15-11:18.  Counsel for the parties also represented to the Court that the back pay calculation for each class member has been determined on an individual basis and that each class member will receive payment based upon the number of Sunday hours that he or she worked.  *Id.* at 16:2-16:3, 16:18-16:22.

In addition, counsel for both parties represented to the Court during the fairness hearing that they believe that the proposed settlement is fair, reasonable and adequate.  *Id.* at 22:7-22:17, 27:4-27:14; *see also* RCFC 23(e)(2).  And so, the Court concludes that the terms of the settlement agreement are substantively fair.

### D. The Class Administrator And Attorney's Fees, Expenses And Costs Are Reasonable

Lastly, the Court concludes that class administrator costs to be awarded in the amount of $235,350.11 for services provided by the class administrator, and the attorney's fees, expenses and costs to be awarded in the amount of $565,630.44, are reasonable, given the nature and length of this multi-year class action litigation.  Settlement Agreement at ¶ 15.

With regards to the costs associated with the services of the class administrator, the class administrator has maintained the website established for this class action and distributed notices to the class members since being appointed in December 2014.  Fairness Hr'g Tr. at 18:16-18:21; *see also* Pl. Mot. to Appoint Class Counsel, Dec. 9, 2014; Order, Dec. 10, 2014.  During these five years, the class administrator has posted updates regarding the status of this case and provided key documents and notices for class members to access and review.  *See generally* sundaypaycase.com.

Class counsel also advises that the class administrator will continue to perform some duties to effectuate the settlement of this dispute.  In this regard, the class administrator will be solely responsible for maintaining the settlement trust fund and making payments to class counsel and class members from that fund.  Settlement Agreement at ¶¶ 14-16.  The class administrator will also be responsible for calculating the amount of taxes to be withheld from each class members' individual settlement payment.  *Id.* at ¶¶ 20-22.

9

Counsel for both parties represent to the Court that the class administrator costs are reasonable, because these costs encompass past and future services provided by the class administrator. Fairness Hr'g Tr. at 18:24-19:3, 24:12-24:20. And so, the Court concludes that the costs to be awarded to the class administrator are fair and reasonable.

The parties also agree that class counsel should be awarded attorney's fees in the amount of $565,630.44 under the terms of the settlement. During the fairness hearing, class counsel represented to the Court that four attorneys worked on this matter and that these attorneys submitted their timesheets and expenses for review and approval by government counsel. *Id.* at 19:22-20:5, 20:15-21:5. As discussed above, plaintiffs commenced this matter on October 14, 2011. *See generally* Compl. Since that date, the parties have briefed multiple motions, including a motion to dismiss and motions to certify the class. *Id.*; Mot. to Certify Class, Oct. 14, 2011; Def. Mot. to Dismiss; Renewed Mot. to Certify Class, Nov. 20, 2013. Throughout the 8-year duration of this litigation, class counsel has also diligently represented the class members and incurred various costs, including the costs to hire experts, mail notices to class members and employ a technical assistant. Fairness Hr'g Tr. at 14:19-14:25, 21:23-22:1.

Class counsel also represented to the Court during the fairness hearing that the rate of pay for the attorneys that represented the class members in this case has been calculated based upon the basic rate of pay for the city where class counsel is located—Washington, DC. *Id.* at 20:6-20:10. And so, the Court concludes that the attorney's fees, expenses and costs to be awarded to class counsel are also reasonable.

## V.     CONCLUSION

For the foregoing reasons, the Court **APPROVES** the settlement agreement. The Court directs the Clerk to **ENTER JUDGMENT** in the total amount of $1,725,734.39.

This amount consists of the following:

1. $713,269.44 in back pay;

2. $156,919.28 in interest;

3. $54,565.12 in employer's contributions for VA Medicare and VA Old Age, Survivors and Disability Insurance on back pay for all class members;

4. $235,350.11 for services approved by the Court to the class administrator; and

   5. $565,630.44 in attorney's fees, expenses and costs to be awarded to class counsel.

The judgment shall be payable to the Jones Class Qualified Settlement Trust for distribution by the class administrator to the class members and class counsel according to the terms of this Memorandum Opinion and Order, the parties' settlement agreement and Attachment A to the parties' settlement agreement.

   **IT IS SO ORDERED.**

                                    s/ Lydia Kay Griggsby
                                    LYDIA KAY GRIGGSBY
                                    Judge